

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-26-00292-CV

IN RE NICHOLAS HASSAN, RELATOR

ORIGINAL PROCEEDING

July 9, 2026

## MEMORANDUM OPINION

Before PARKER, C.J., and YARBROUGH and PRATT, JJ.

Disqualification of counsel is a severe remedy that can result in immediate and palpable harm, disrupt trial court proceedings, and deprive a party of the right to have counsel of choice. *In re Zaidi*, 732 S.W.3d 525, 532 (Tex. 2026).

Relator, Nicholas Hassan, seeks a writ of mandamus to compel the Honorable Benjamin A. Webb, sitting by assignment in the 72nd District Court of Lubbock County, to vacate his letter ruling of May 6, 2026, granting Real Party in Interest (RPI) Naji

Hassan's, Motion to Disqualify Counsel, Benjamin Garcia.[1]  For the reasons expressed herein, we conditionally grant relief.

## BACKGROUND

Issam Hassan executed a will in 2018 leaving his entire estate to his son Tom. Issam named his cousin, Mike Ghanem, as executor of his estate.  Under the Will, if Tom did not survive Issam, the estate would pass to Issam's nephews, Relator, Nicholas, and RPI, Naji, who are brothers.

On April 7, 2023, Garcia prepared a power of attorney appointing Tom as Issam's agent.  Soon thereafter, Tom was in an accident and slipped into a coma.  Issam then chose Nicholas as his agent and signed a power of attorney prepared by Garcia on April 15, 2023.  Issam was in a rehabilitation center when he signed the document.  His signature was witnessed and notarized.

Tom did not recover from his accident and passed away on April 24, 2023.  After Tom's death, Issam wished to create an inter vivos trust.  On May 19, 2023, Issam and Nicholas executed the Batloun Family Irrevocable Trust drafted by Garcia and notarized by a member of Garcia's staff.  At the time the Trust was created, Issam was still in a rehabilitation center.

---

[1] *See In re Newby*, 26 S.W.3d 557, 558 (Tex. App.—Amarillo 2008, orig. proceeding) (per curiam) (noting letter ruling satisfies requisites of formal judgment or order when, among other factors, it is signed). In the underlying proceeding, the letter ruling, which is signed by the Honorable Benjamin A. Webb, recites as follows:

> [a]fter reviewing the Court's file, evidence submitted, the arguments of counsel, and the relevant law, the Court GRANTS Plaintiff Naji Hassan's Supplement [to] Motion to Disqualify Counsel.  It is ORDERED that Benjamin P. Garcia, Counsel for Defendant, Nicholas Hassas [sic], is Disqualified from further continuing in this matter as trial counsel.

Issam passed away on May 31, 2023. On February 28, 2024, Garcia wrote to Naji's counsel notifying him of the power of attorney naming Nicholas as Issam's agent. Garcia further advised Naji's counsel that the Trust had been created and Issam's assets, including his home, had been placed in the Trust. Speculating that the change in Issam's estate planning resulted in less of an inheritance for him, on June 10, 2024, Naji sued Nicholas and Ghanem for breach of fiduciary duty and fraud.

Garcia appeared as counsel for Nicholas on July 1, 2024, and filed an answer to Naji's suit on Nicholas's behalf. The answer included copies of the power of attorney and two Special Warranty Deeds as exhibits. The documents reflected they were prepared by Garcia.

Naji continued to prosecute his suit for months. During that time period, the parties engaged in discovery, Rule 91a proceedings, witness designation deadlines, and summary judgment proceedings. Naji filed a motion to disqualify Garcia on April 15, 2025, just five weeks before a trial setting of May 21, 2025. Naji, however, did not promptly seek a setting on the motion and continued to litigate his suit. On May 2, 2025, he filed a motion to compel discovery and did not mention the motion to disqualify. He also filed a witness designation on May 12, and on May 21, he attended the first day of mediation. A week later, he filed a motion to quash a deposition notice from Nicholas and amended his petition on June 25, 2025. On June 26, 2025, one day before mediation was set to resume, Naji submitted an order setting a hearing on the disqualification motion. The trial court signed the order and set the hearing for July 11, 2025.

At the hearing, the trial court entertained three motions. Relevant to the motion to disqualify Garcia from representing Nicholas, Naji questioned the mental capacity of

3

Issam when he signed both the power of attorney and Trust documents naming Nicholas his agent and trustee. Relying on Rule 3.08 of the Texas Disciplinary Rules of Professional Conduct,[2] Naji argued that Garcia had to be disqualified because he and his office staff were "lynchpin" fact witnesses for determining whether Issam was of sound mind when he signed the documents. According to Naji, Garcia could not serve as both a fact witness and Nicholas's advocate in the same case.

Garcia countered that Naji did not present any evidence to support his motion, and because legal arguments alone are not evidence, the court could simply deny the motion

---

[2] Rule 3.08, entitled "Lawyer as Witness," recites as follows:

(a) A lawyer shall not accept or continue employment as an advocate before a tribunal in a contemplated or pending adjudicatory proceeding if the lawyer knows or believes that the lawyer is or may be a witness necessary to establish an essential fact on behalf of the lawyer's client, unless:

    (1) the testimony relates to an uncontested issue;

    (2) the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony;

    (3) the testimony relates to the nature and value of legal services rendered in the case;

    (4) the lawyer is party to the action and is appearing pro se; or

    (5) the lawyer has promptly notified opposing counsel that the lawyer expects to testify in the matter and disqualification of the lawyer would work substantial hardship on the client.

(b) A lawyer shall not continue as an advocate in a pending adjudicatory proceeding if the lawyer believes that the lawyer will be compelled to furnish testimony that will be substantially adverse to the lawyer's client, unless the client consents after full disclosure.

(c) Without the client's informed consent, a lawyer may not act as an advocate in an adjudicatory proceeding in which another lawyer in the lawyer's firm is prohibited by paragraphs (a) or (b) from serving as advocate. If the lawyer to be called as a witness could not also serve as an advocate under this Rule, that lawyer shall not take an active role before the tribunal in the presentation of the matter.

TEX. DISCIPLINARY RULES OF PROF'L CONDUCT 3.08, *reprinted in* TEX. GOV'T CODE, tit. 2, subtit. G. app. A.

immediately. Garcia introduced several affidavits and also declarations from Nicholas and himself for the sole purpose of the hearing.[3] Naji did not object to any of the documents.

Garcia further argued the documentary evidence made his testimony unnecessary because there were "tons of witnesses" who could prove Issam was of sound mind. Thus, Garcia claimed because he was not a necessary witness, he could remain as advocate for Nicholas. He asserted subsections (b) and (c) of Rule 3.08 applied only if Naji alleged Garcia's testimony would be adverse to Nicholas. In his declaration, Garcia stated any testimony on his part would not be adverse to Nicholas. He argued Naji sought his disqualification merely as a litigation tactic.

Garcia pointed out another deficiency by Naji—he did not present any evidence of actual prejudice if Garcia was not disqualified. He argued the disqualification motion be denied as a matter of law due to the lack of any evidence.

Finally, Garcia maintained Naji's disqualification motion was untimely. Naji was aware Garcia had been drafting documents for Issam before he filed his suit. Garcia had informed Naji's prior counsel in writing as early as February 28, 2024, that he was involved

---

[3] Issam's former wife averred that she visited Issam during the final weeks of his life and he was very lucid and "knew exactly what he was doing and saying." Nicholas and Naji's sister, a registered nurse, averred she had experience in assessing mental status. She saw Issam twice a day and described him as "very coherent." Issam's cousin averred Issam had told him he wanted Nicholas to inherit his home after he passed. Another sister of Nicholas and Naji averred there was "no question in my mind that Issam still had all his mental faculties." Lea Garcia, who notarized the documents in question, stated she "had no concerns about whether [Issam] knew what he was doing." He wanted Nicholas to have power of attorney. She concluded based on her observations with Issam that he had sufficient mental ability to understand his business and wanted to update his estate plan after his son, Tom, passed away. By his declaration, Nicholas acknowledged Tom's death and Issam's release from the hospital to a rehabilitation center. He regularly visited Issam and helped him with his business and financial affairs. He explained that he conveyed title to Issam's home into the Trust per Issam's wishes. Nicholas was aware Naji was attempting to disqualify Garcia. Given a choice between whether Garcia should be a witness or continue representing him, Nicholas chose Garcia to remain as his advocate.

in Issam's estate matters. The relevant documents include disclosures indicating they were prepared by Garcia's firm. According to Garcia, Naji's tactic to wait until shortly before the trial setting to move to disqualify him was a tactical move to remove Nicholas's choice of counsel. Garcia assured the court he did not intend to testify at trial but would not block Naji's intent to depose him as part of discovery.

Naji answered Garcia's arguments by noting Garcia represented a few of the individuals involved in the case including Tom, Mike, and now Nicholas. He pointed out the notary public was Garcia's sister and employee. Finally, he argued that despite all the other sources available, only Garcia, as the drafting attorney, could provide testimony on Issam's capacity. The trial court took the disqualification motion under advisement.

Garcia's deposition was taken on April 20, 2026, eight months after the July 2025 hearing. Also, eight months after the disqualification hearing, on April 24, 2026, Naji filed a supplement to the motion to disqualify to address Garcia's deposition testimony. Nicholas filed his objection to the filing and moved to strike the supplemental motion.

The trial court held a pretrial hearing on May 1, 2026, to consider the new filings. At this second hearing, Naji did not request to reopen the evidence. He again invoked Rule 3.08 of the Disciplinary Rules to argue Garcia had to be disqualified as counsel because he would be a material witness at trial. Garcia objected to Naji having a second opportunity to argue disqualification, when he did not present any evidence at the first hearing and thus, failed to carry his burden. Naji noted that because the trial court had not yet ruled on the original motion to disqualify, he could again argue that Garcia, as the drafting attorney of the relevant documents, was the only person who could testify to the circumstances of those documents at trial. Naji also asserted Garcia had an ethical duty

6

to refrain from representing Nicholas. Garcia renewed his objection which the trial court overruled.

Naji addressed the timing of his supplement to the motion to disqualify. Relying on *In re Bahn*, 13 S.W.3d 865, 875 (Tex. App.—Fort Worth 2000, orig. proceeding), he maintained that because the trial court had not ruled on the original motion, Rule 3.08 did not prohibit Garcia from representing Nicholas during pretrial matters but did prevent him from serving as trial counsel.

Garcia responded that Naji again failed to present evidence to support his arguments. There was no evidence that Garcia's testimony would be adverse to Nicholas, an element of Rule 3.08(b). Subsection (a) of the Rule applies when the client seeks to call his counsel as a witness on his behalf. Garcia assured the court he did not intend to testify and thus, subsection (a) did not apply.

Garcia also defended his position by noting his testimony was not necessary given Naji's live pleading alleging breach of fiduciary duty and fraud. There is no direct attack on the actual documents he drafted; rather, Naji is challenging Issam's mental capacity and Garcia presented sufficient evidence on the issue from other sources during the first hearing. Garcia again raised Naji's lack of evidence that he would suffer actual prejudice if Garcia served the dual roles of witness and advocate. But Garcia's insistence he did not intend to testify negated any possible prejudice to Naji.

Finally, Garcia reiterated the untimeliness of Naji's motion resulted in waiver of his challenge to Garcia's representation. Naji was aware Garcia represented Nicholas over

a year before he filed the initial disqualification motion and did not present his challenge to Garcia until shortly before the trial setting.

The trial court deferred a ruling due to the voluminous filings. Almost ten months after the original disqualification hearing and five days after the second hearing, the trial court issued a letter ruling granting Naji's supplemental motion to disqualify Garcia as Nicholas's trial counsel. The trial court's ruling compelled Garcia to seek mandamus relief.

## STANDARD OF REVIEW

Mandamus is an extraordinary remedy granted only when a relator can show (1) the trial court abused its discretion and (2) there is no adequate remedy by appeal. *In re N. Cypress Med. Ctr. Operating Co.*, 559 S.W.3d 128, 130 (Tex. 2018) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 840–44 (Tex. 1992) (orig. proceeding). The relator bears the burden of proving the two requirements before being entitled to mandamus relief. *Id.* at 837.

To establish an abuse of discretion, the relator must demonstrate the trial court acted unreasonably, arbitrarily, or without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). A relator must also show there is no adequate remedy at law to address the alleged harm and that the act requested is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). Mandamus is available to correct an erroneous order disqualifying counsel because there is no adequate remedy by appeal. *In re RSR*

8

*Corp.*, 475 S.W.3d 775, 778 (Tex. 2015) (orig. proceeding); *In re Sanders*, 153 S.W.3d 54, 56 (Tex. 2004) (orig. proceeding) (per curiam).

**APPLICABLE LAW**

It is well settled that failure to timely seek disqualification constitutes waiver. *In re Zaidi*, 732 S.W.3d at 539. *See also Buck v. Palmer*, 381 S.W.3d 525, 528 (Tex. 2012) (per curiam) (finding a seven-month delay established waiver); *Vaughan v. Walther*, 875 S.W.2d 690, 691 (Tex. 1994) (finding a six-and-a-half-month delay established waiver). When considering motions to disqualify, "courts must adhere to an exacting standard . . . to discourage their use as a dilatory trial tactic." *In re RSR Corp.*, 568 S.W.3d 663, 666 (Tex. 2019) (orig. proceeding) (quoting *Spears v. Fourth Ct. of Appeals*, 797 S.W.2d 654, 656 (Tex. 1990) (orig. proceeding)). A trial court abuses its discretion in granting such a motion if there is no evidence presented to show disqualification is warranted. *In re Jim S. Adler & Assocs.*, No. 14-26-00041-CV, 2026 Tex. App. LEXIS 4506, at *11 (Tex. App.—Houston [14th Dist.] May 14, 2026, orig. proceeding).

**ANALYSIS**

On the mandamus record before this Court, Naji cannot prevail in his effort to disqualify Garcia. Garcia correctly demonstrates Naji unreasonably delayed his attempt to disqualify him from representing Nicholas which results in waiver. An appellate court has no authority to resolve issues of fact in an original proceeding. *See Brady v. Fourteenth Court of Appeals,* 795 S.W.2d 712, 714 (Tex.1990). Waiver is ordinarily a question of fact. *See Tenneco Inc. v. Enterprise Prods. Co.,* 925 S.W.2d 640, 643 (Tex.1996). Here, there is not an issue of fact concerning waiver because (1) Naji offered

no evidence creating a fact issue regarding this issue and (2) the record before us clearly shows when Naji became aware of the conflict concerning disqualification. *See Vaughan*, 875 S.W.2d at 691. The following dates and actions support waiver:

- April 15, 2023—Garcia drafted power of attorney for Issam naming Nicholas as his agent;

- May 31, 2023—Issam passed away;

- June 22, 2023—Special Warranty Deed conveying home to the Trustee and filed of record indicating it was "Prepared in the Office of Law of Benjamin Garcia, PLLC";

- July 13, 2023—Special Warranty Deed conveying the home from the Family Trust and filed of record indicating it was "Prepared in the Office of Law of Benjamin Garcia, PLLC";

- February 28, 2024—Garcia corresponded with Naji's prior attorney to advise him he drafted a power of attorney for Issam naming Nicholas as his agent and consulted with Issam regarding estate planning;

- June 10, 2024—Naji filed suit;

- July 1, 2024—Garcia filed and served Nicholas's Original Answer with attached exhibits;

- April 1, 2025—Nicholas moved for summary judgment;

- April 15, 2025—Naji filed his Motion to Disqualify Counsel;

- May 21, 2025—Original trial setting and parties attended day one of mediation;

- June 25, 2025—Naji moved to quash deposition notice from Nicholas and amended his petition;

- June 26, 2025—Naji emailed an Order Setting Hearing on Motion to Disqualify;

- June 27, 2025—Mediation resumed;

- July 11, 2025—First hearing on Garcia's disqualification;

- April 20, 2026—Garcia is deposed;

- April 24, 2026—Naji filed a supplement to disqualification and included an uncertified copy of Garcia's deposition;

- May 1, 2026—Second hearing on Garcia's disqualification; and

- May 6, 2026—Trial court issued a letter ruling granting Naji's supplemental motion.

The relevant starting point for disqualification of counsel is when the aggrieved party knew or should have known of a possible conflict and not when the aggrieved party was told by counsel that a motion to disqualify was an available remedy. *In re Garza*, No. 04-24-00568-CV, 2025 Tex. App. LEXIS 3797, at *7 (Tex. App.—San Antonio June 4, 2025, orig. proceeding). *See also In re Trujillo*, 511 S.W.3d 726, 730 (Tex. App.—El Paso, orig. proceeding).

Here, as early as February 28, 2024, Naji received notice Garcia was representing Nicholas when Garcia corresponded with Naji's prior attorney. Naji also should have known when he filed suit on June 10, 2024, of Garcia's representation. Naji received actual notice of Garcia's representation when Garcia filed Nicholas's answer to the suit on July 1, 2024. Yet, Naji continued legal proceedings for over nine months after filing suit before he filed his motion to disqualify Garcia on April 15, 2025. Naji did not present any evidence to show the delay was reasonable. He was aware of Garcia's involvement and continued with legal proceedings for months and waited until shortly before trial to move to disqualify him—an indication the motion was used as a tactical weapon to remove Nicholas's choice of counsel so close to trial.

11

We conclude the trial court abused its discretion in granting Naji's supplement to the motion to disqualify Garcia as Nicholas's counsel. *See In re J.E.*, No. 07-18-00447-CV, 2019 Tex. App. LEXIS 485, at *3–5 (Tex. App.—Amarillo Jan. 24, 2019, orig. proceeding) (finding abuse of discretion for disqualifying counsel and conditionally granting mandamus relief). Nicholas has established the first prong for mandamus relief.

Regarding the second prong, the Texas Supreme Court has held that mandamus will lie to correct an erroneous disqualification order because there is no adequate remedy by appeal. *In re Zaidi*, 732 S.W.3d at 531; *In re Sanders*, 153 S.W.3d at 56. Nicholas has satisfied his burden and is entitled to mandamus relief.

## CONCLUSION

Nicholas Hassan's petition for writ of mandamus is conditionally granted. The trial court is ordered to vacate its letter ruling of May 6, 2026, disqualifying Benjamin Garcia from representing his client. Should the trial court fail to do so within 30 days, this Court will issue a writ of mandamus directing it to do so. *In re J.E.,* 2019 Tex. App. LEXIS at *5.

Alex Yarbrough
Justice

12